**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br><br>**v.**<br><br>**ANTHONY V. LYLES**<br><br>**Defendant/Petitioner.** | **Criminal No. 03-544 (JDB)**<br>**Civil Action No.  05-554 (JDB)** |

**ORDER**

Petitioner Anthony Lyles seeks a Certificate of Appealability ("COA") of this Court's

March 7, 2006, order denying his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct

his sentence.[1]  Congress has restricted prisoner appeals from denials of section 2255 applications

by limiting the availability of COAs to situations where "the applicant has made a substantial

showing of the denial of a constitutional right." See 28 U.S.C. §  2253(c)(2).  Although petitioner

need not demonstrate that he is likely to succeed on appeal, he must "demonstrate that the issues

are debatable among jurists of reason; that a court could resolve the issues in a different manner;

or that the questions are adequate to deserve encouragement to proceed further." See United

States v. Mitchell, 216 F.3d 1126, 1130 (D.C. Cir. 2000) (quoting Barefoot v. Estelle, 463 U.S.

880, 893 n.4 (1983)); Tennard v. Dretke, 542 U.S. 274, 282 (2004) ("petitioner must demonstrate

---

[1] Petitioner presently is incarcerated for a term of 262 months following a plea of guilty to
charges of (1) unlawful possession of a firearm by a convicted felon, see 18 U.S.C. § 992(g)(1);
(2) possession with intent to distribute cocaine, see 21 U.S.C. § 841(a)(1); and (3) knowing
possession of a firearm in furtherance of a drug-trafficking crime, see 18 U.S.C. § 924(c).

that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  Having reviewed the record, the Court concludes, for the reasons that follow, that the grounds for denying petitioner's 2255 motion are not susceptible to debate among reasonable jurists and, therefore, that issuance of a COA would be inappropriate.

The thrust of petitioner's 2255 motion was that he was deprived of effective assistance of counsel, in contravention of the Sixth Amendment, as a result of the purported failure of his attorney to communicate a plea offer.  This allegedly undisclosed offer gave Lyles an opportunity to plead guilty to two counts of the three-count indictment in exchange for the government's dismissal of the remaining charge and its recommendation to the Court that Lyles receive credit at sentencing for acceptance of responsibility and serve no more than 262 months in prison.[2] Instead, Lyles accepted a subsequent offer, pursuant to which he pleaded guilty to all three counts of the indictment in exchange for the government's recommendation that petitioner's sentence take account of his acceptance of responsibility and that petitioner be sentenced to no more than 262 months of imprisonment.  Lyles asserted that, had his attorney informed him of the earlier offer, he would have accepted it -- apparently because the earlier offer would have resulted in one less conviction on his record and because his statutory special assessment would have been $100 less.[3] Because petitioner's allegations, if true, would have supported a finding of ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668 (1984), the Court ordered the

---

[2] Conviction of all three counts at trial would have exposed petitioner to a term of imprisonment ranging from 360 months to life.

[3] The special-assessment penalty was $100 for each felony charge on which he was convicted.  See 18 U.S.C. § 3013(a)(2)(A).

government to respond to the petition and appointed counsel to represent Lyles for purposes of the

2255 motion.[4]

The government's opposition challenged the factual basis for Lyles's petition with an

affidavit from Lyles's trial counsel, Carlos Vanegas, stating that he had discussed the earlier plea

offer with petitioner on at least two separate occasions and that petitioner did not agree to the deal

until after the government's deadline for acceptance had passed, at which point the government

insisted on a guilty plea to all three counts and petitioner assented.  To resolve the factual dispute

between petitioner's account and that of Vanegas, the Court held a hearing on March 7, 2006, at

which it heard testimony from petitioner and Vanegas consistent with their affidavits.  The Court

concluded that Vanegas's testimony was credible and that petitioner's version of the events was

unworthy of credence, particularly in light of petitioner's admission that Vanegas had met with

him on four or five separate occasions during the period when the government's plea offer was

open.  That factual finding precluded a favorable ruling for petitioner on his Strickland claim.

Additionally, on the eve of the March 7 hearing, petitioner's counsel submitted a

_____

[4] To succeed upon a claim of ineffective assistance of counsel, a criminal defendant must show both that his lawyer performed deficiently, see Strickland, 466 U.S. at 687 ("lawyer made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment"), and also that he was prejudiced by counsel's mistakes, see id. at 694 ("a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different").  An attorney's failure to communicate a plea offer to a defendant may constitute deficient performance under Strickland, see United States v. Blaylock, 20 F.3d 1458, 1467 (9th Cir. 1994); Johnson v. Duckworth, 793 F.2d 898, 902 (7th Cir. 1986), and the fact that the recommended term of imprisonment would have been the same under either plea deal does not preclude a finding that petitioner was prejudiced by the attorney's failure to communicate the offer.  Courts have held that a defendant may claim prejudice if his counsel's deficient representation led to the imposition of an additional special assessment or even the mere fact of conviction on an additional count.  See United States v. Jones, 403 F.3d 604, 607 (8th Cir. 2005); United States v. Bass, 310 F.3d 321, 329-30 (5th Cir. 2002); see also Rutledge v. United States, 517 U.S. 292, 301-02 (1996).

supplement to Lyles's *pro se* 2255 motion that asserted a new ground for finding that Vanegas had

provided constitutionally inadequate representation -- namely, that petitioner asked Vanegas to

file a notice of appeal on his behalf, but that Vanegas failed to do so.  The supplemental

memorandum also raised an entirely new argument:  that, because petitioner was sentenced at a

time when the Sentencing Guidelines were still mandatory, the judge-made determination at

sentencing that petitioner's prior convictions qualified him as a "career offender" for sentencing

purposes, see U.S.S.G. § 4B1.1, violated his Sixth Amendment right to a jury trial, as interpreted

in United States v. Booker, 543 U.S. 220 (2005).

      The Court found that the claims were not timely raised and that, in any event, they were

without merit.  On the issue of whether Vanegas failed to file a requested appeal, the Court again

credited the testimony of Vanegas that petitioner never asked him to file an appeal -- and certainly

never did so within the time permitted for such a filing.  Again, that conclusion precluded a

finding of deficient attorney performance and thus precluded success on a Strickland claim.  With

respect to petitioner's contention that the "career offender" determination was unconstitutional, the

Court found the argument to be precluded by Booker itself, which left intact the Supreme Court's

earlier conclusion that a sentence enhancement based on a judge-made finding of the "fact of prior

conviction" did not offend the Sixth Amendment.  See Booker, 543 U.S. at 244 (reaffirming that

"[a]ny fact (*other than a prior conviction*) which is necessary to support a sentence exceeding the

maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted

by the defendant or proved to a jury beyond a reasonable doubt") (emphasis supplied); see also

United States v. Shelton, 400 F.3d 1325, 1329 (11th Cir. 2005) (noting that Booker "left

undisturbed" the holding of Almendarez-Torres v. United States, 523 U.S. 224 (1998), that the

government "need not prove beyond a reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence").[5] Petitioner pointed the Court to an unpublished disposition by the United States Court of Appeals for the Fourth Circuit holding that a section 4B1.1 enhancement was plain error under the Sixth Amendment, as interpreted in Booker, where the facts supporting the enhancement were not admitted by the defendant nor found by a jury beyond a reasonable doubt.  See United States v. Wingate, 153 Fed. Appx. 197, 199 (4th Cir. 2005).  But, as the Court explained at the hearing, any persuasive value that opinion might have had was extinguished by a subsequent, published decision from the same court, which confirmed that the fact of prior conviction (which itself has some inherent factual content, such as the statute that was violated and the date of the conviction) "remains a valid enhancement even when not found by a jury" or admitted by the defendant.  See United States v. Thompson, 421 F.3d 278, 282 (4th Cir. 2005).  Moreover, even if a section 4B1.1 enhancement would have required a jury finding or a defendant admission to comport with the Sixth Amendment when the Guidelines were mandatory, petitioner in this case *consented* in the plea agreement to a factual determination by the Court that he was a career offender for sentencing purposes.

        As the foregoing demonstrates, the issues raised by petitioner's section 2255 motion were not resolved on the basis of debatable interpretations of constitutional law, and so petitioner has failed to make the kind of "substantial showing of the denial of a constitutional right" that would entitle him to a COA.  Hence, it is this 25th day of May, 2006, hereby

---

[5] The Court also noted that petitioner's argument may have been foreclosed by the fact that petitioner's conviction was final *prior* to the Supreme Court's decision in Booker, because the holding of Booker does not apply retroactively.

**ORDERED** that petitioner's application for a certificate of appealability under 28 U.S.C. §

2253 is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall transmit a copy of this order to the United

States Court of Appeals for the District of Columbia Circuit.


                                         /s/ John D. Bates

                                         JOHN D. BATES
                                  United States District Judge


Copies to:

Nathan I. Silver, II
LAW OFFICES OF NATHAN I. SILVER
P.O. Box 5757
Bethesda, MD  20824-5757
Email: nisquire@aol.com

       *Counsel for defendant/petitioner*


Sherri Lee Berthrong
OFFICE OF THE UNITED STATES ATTORNEY FOR THE DISTRICT OF COLUMBIA
Judiciary Center Building
555 Fourth Street, NW, Room 10-450
Washington, DC  20530
Email: sherri.berthrong@usdoj.gov

       *Counsel for the United States*